# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-60414
Summary Calendar

BARAKATALI ALIJI MAREDIA

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70 925 894

Before REAVLEY, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Barakatali Aliji Maredia petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's decision to deny his application for asylum and withholding of removal under both the Immigration and Nationality Act (INA) and the Convention Against Torture (CAT). The Government argues that Maredia's petition for review should be dismissed for want of proper briefing. We decline to dismiss the petition on that basis.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Maredia argues that the BIA erred in determining that he had not established past persecution based on his religious, social, and political affiliations, a well-founded fear of future persecution, or that it was more likely than not that he would be tortured if he were returned to India. He contends that he established his eligibility for asylum and withholding of removal under both the INA and the CAT by adducing evidence showing that he was detained and beaten by police and that his restaurant was set on fire and destroyed.

We will uphold the BIA's determination that Maredia is not eligible for asylum or withholding of removal if that determination is supported by substantial evidence. See Chun v. INS, 40 F.3d 76, 78-79 (5th Cir. 1994). The substantial evidence standard requires that the decision be based on the evidence presented and that the decision be substantially reasonable. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996).

Our review of the record shows that the harm alleged by Maredia, which occurred during times of civil unrest, is insufficient to establish persecution. See Majd v. Gonzales, 446 F.3d 590, 595 (5th Cir. 2006); Abdel-Masieh v. INS, 73 F.3d 579, 584 (5th Cir. 1996). The record does, however, show that Maredia's family has remained in India and has lived there peacefully. Further, the pertinent Country Reports from the United States Department of State support a conclusion that Muslims can live peacefully in India. In light of these factors, the BIA's decision concerning Maredia's INA claims is supported by substantial evidence, and the record does not compel a contrary conclusion. See Faddoul v. I.N.S., 37 F.3d 185, 188 (5th Cir. 1994); Rojas v. INS, 937 F.2d 186, 190 n.1 (5th Cir. 1991).

Maredia also has not shown that he is in danger of being tortured if he returns to India. See Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002) Consequently, his CAT claim is unavailing. See id. Maredia's petition for review is DENIED.